IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN CARLOS VALENCIA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-cr-568<br><br>Judge Clark Waddoups |

This matter is before the court on a Motion to Dismiss filed by Defendant Juan Carlos Valencia. Mr. Valencia has been charged with reentry into the United States after a prior removal in violation of 8 U.S.C. § 1326. He moves to dismiss the charge against him on the ground that "the prior removal order was void and cannot be used to establish a violation of § 1326." Mot. to Dismiss, at 1 (ECF No. 17). For the reasons stated below, the court denies the Motion to Dismiss.

## FACTUAL BACKGROUND

On November 9, 2010, Mr. Valencia was served personally with a Notice to Appear for removal proceedings. Notice to Appear (ECF No. 17-1 at 2–3). The Notice charged him with being an "alien present in the United States who has not been admitted or paroled." *Id.* at 2. It also charged him with being an alien who had been convicted for discharging a firearm in an occupied building and "sentenced to a term of imprisonment of 5 years." *Id.*

One week later, Mr. Valencia was served with a Notice of Hearing that informed him the removal hearing would be held on November 23, 2010 at 8:00 a.m. at the location specified in the hearing notice. Notice of Hearing (ECF No. 17-1 at 6). When Mr. Valencia appeared at the hearing, he was served with an I-261 form. In lieu of the prior allegation that Mr. Valencia had not been admitted or paroled, paragraph 4 of the I-261 stated that he had been "inspected and admitted by an Immigration Officer." I-261 (ECF No. 17-1 at 5). The I-261 also added charges, which are paraphrased as follows:

(1) being an alien who had been convicted of an aggravated felony after admission into the United States, *see* 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)(E)(ii) (defining "aggravated felony"); *and*

(2) being an alien who, after admission into the United States, had been convicted of use, possession, or carrying of a firearm or attempting to do the same. *See* 8 U.S.C. § 1227(a)(2)(C).

Mr. Valencia admitted he had previously been inspected and admitted. *See id.* ¶ 4. He further admitted that he had been convicted of the crime stated in the Notice to Appear and sentenced to a five-year term of imprisonment. Notice to Appear (ECF No. 17-1 at 2). Based on those admissions, the Immigration Court sustained the two additional charges and determined that Mr. Valencia was removable. *See* I-261 and Removal Order (ECF No. 17-1 at 5, 7). Mr. Valencia did not seek any relief from removal. Order (ECF No. 17-1 at 7). Accordingly, the Immigration Judge ordered him removed, *id.*, which removal occurred on December 2, 2010. Removal Confirmation (ECF No. 17-1 at 9).

Subsequently Mr. Valencia reentered the United States in 2011 and was removed a second time. Second Removal Confirmation (ECF No. 17-1 at 12). He then reentered again in 2018, which reentry is the subject of the present criminal charges against him.

## ANALYSIS

### I. CHALLENGES TO A REMOVAL ORDER

#### A. Subject-Matter Jurisdiction

Mr. Valencia contends the present charge against him must be dismissed because the original Removal Order is void on the basis that his Notice to Appear did not contain the time and date of his removal hearing. Mr. Valencia argues the absence of that information means subject-matter jurisdiction never vested in the Immigration Court. Mot. to Dismiss, at 2. Therefore, the Immigration Court had no authority to enter the Removal Order and it is void. *Id.*

In his opening brief, Mr. Valencia largely relied upon *United States v. Rivas-Gomez*, 2:18-cr-566, 2019 WL 2870118 (D. Utah July 3, 2019) and *United States v. Zuniga-Hernandez*, 1:18-cr-53, 2019 WL 2161551 (D. Utah May 17, 2019) for his contentions. Upon further review and development of the case law, however, the court concludes those cases did not apply the proper standard about when a removal order may be collaterally attacked. In his reply brief, Mr. Valencia cited additional authority, which the court does not find persuasive because the additional authority refers to general concepts of jurisdiction rather than the more particular issue of subject-matter jurisdiction.

On the issue of subject-matter jurisdiction, even if the court were to assume the Immigration Court had no such jurisdiction, which the court does *not* decide here, the Tenth Circuit has stated,

> Lack of subject-matter jurisdiction does not . . . necessarily render a judgment "void" for purposes of a collateral attack. To the contrary, the law appears to be well-settled that once an order has "become final on direct review," the subject-matter jurisdiction of the court issuing the order can almost never be successfully raised.

*Evans v. Bank of N.Y. Trust Co., N.A. (In re Evans)*, 506 F. App'x 741, 744 (10th Cir. 2012) (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009)) (alterations omitted).

In *United States v. Garcia-Galvan*, No. 18-6198, 2019 WL 2513637 (10th Cir. June 18, 2019), the Tenth Circuit reaffirmed this point. The defendant in that case also challenged his removal order on the same ground that Mr. Valencia challenges his. *Id.* at *2. The Tenth Circuit noted "[i]n general, an order is not subject to collateral attack based on alleged lack of subject-matter jurisdiction." *Id.* (citing *Travelers Indem. Co.*, 557 U.S. at 152–53). Moreover, it determined that "an attempt to invalidate [a] removal order" is "subject to the requirements of 8 U.S.C. § 1326(d)." *Id.* at *3. This is so even if the attack pertains to subject-matter jurisdiction because the statute includes no exception for such a challenge. *Id.* (citing *United States v. Millan-Torres*, 139 F. App'x 105, 109 (10th Cir. 2005)).

The Tenth Circuit also has stated in two other cases that an attack on a removal order must meet the conditions of § 1326(d) even if the alien's Notice to Appear did not contain the date and time for the removal hearing. *See United States v. Zuniga-Guerrero*, 772 F. App'x 736, 737 (10th Cir. 2019) (adopting reasoning of *Garcia-Galvan* and concluding that a defendant must satisfy the requirements of § 1326(d) "before the district court could undertake collateral review of the removal order"); *United States v. Contreras-Cabrera*, 766 F. App'x 674, 676 (10th Cir. 2019) (applying § 1326(d) to defendant's challenge of a removal order and finding requirements had not been met).

The court recognizes that *Garcia-Galvan*, *Zuniga-Guerrero*, and *Contreras-Cabrera* are unpublished decisions and are therefore only persuasive and not binding precedent. While it is unclear why the Tenth Circuit has yet to publish a decision on this issue, the fact nevertheless

remains that in the past five months, three separate panels have reached the same conclusion on the issue now before the court.  The weight of this guidance tips the balance against Mr. Valencia.

Notably, however, Mr. Valencia does not cite to this contrary authority, nor to other Tenth Circuit or Supreme Court case law that particularly addresses whether subject-matter jurisdiction may be collaterally attacked.  This is so even though the court ordered Mr. Valencia to address the issue.  Order, at 1 (ECF No. 21).  Such an approach is not well taken.

**B.      Due Process**

In his reply brief, Mr. Valencia raises a due process argument for the first time based on *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987).  He contends that *Mendoza-Lopez* broadly "recognizes that some defects in the removal proceeding are of such a grave nature that an alien prosecuted as a result of the deportation must be allowed to raise those errors."  Reply Memo., at 3 (ECF No. 22).  This court does not disagree with that general proposition.

> For more than a century the central meaning of procedural due process has been clear: Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.  It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner.

*Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004) (quotations and citations omitted).

Here, on November 9, 2010, Mr. Valencia received notice of the charges against him that gave rise to the removal proceedings.  Notice to Appear (ECF No. 17-1 at 2).  He was notified that he had a right to have counsel present and that he had a right to appeal any adverse decision by the Immigration Court.  *Id.* at 3; *see also* 8 U.S.C. § 1362 (stating a person has "the privilege of being represented (at no expense to the Government) by such counsel" at "any removal proceedings before an immigration judge").  Mr. Valencia acknowledged receipt of the document both by his

signature and his fingerprint. Certificate of Service (ECF No. 17-1 at 3). He further waived his "right to a 10-day period prior to appearing before an immigration judge." Request for Prompt Hearing (ECF No. 17-1 at 3).

On November 16, 2010, Mr. Valencia received notice of the date, time, and location of his removal hearing. Notice of Hearing (ECF No. 17-1 at 6). On November 23, 2010,[1] he personally appeared at his removal hearing and was served with an I-261 form that substantively reflected the charges in the Notice to Appear, with one change. I-261 (ECF No. 17-1 at 5). Rather than asserting Mr. Valencia had not previously been inspected and admitted, the I-261 stated he had and the charges reflected this change. *Id.* Mr. Valencia then admitted to all relevant facts, from which the Immigration Court could make its determination. *See* Notice to Appear; I-261; and Removal Order (ECF No. 17-1 at 2, 5, 7). On the face of the Removal Order, it appears Mr. Valencia waived his right to appeal, and no appeal was filed. Removal Order (ECF No. 17-1 at 7). On December 2, 2010, he was removed. Removal Confirmation (ECF No. 17-1 at 9). Based on these facts, the court concludes Mr. Valencia was afforded due process and is subject to the requirements of § 1326(d).

## II. COLLATERAL ATTACK REQUIREMENTS

Having determined that Mr. Valencia is required to meet the requirements under § 1326(d), the court next considers whether Mr. Valencia has met his burden to prove each of the requirements. *United States v. Adame-Orozco*, 607 F.3d 647, 651 (2010) (stating the defendant bears the burden of proving "each of § 1326(d)'s elements to overcome the presumed legality of

---

[1] Taking into account Veteran's Day on November 11, 2010, the date of his appearance fell just short of ten days from the time he was served with a Notice to Appear.

the earlier deportation order"). An alien may not collaterally attack a removal order unless that person proves the following:

    (1)    the alien exhausted any administrative remedies that may have been available to seek relief against the order;

    (2)    the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review;

    *and*

    (3)    the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d) (italics added).

In *United States v. Chavez-Alonso*, 431 F.3d 726, 728 (10th Cir. 2005), the Tenth Circuit stated that "[a]n alien who knowingly waives the right to appeal an immigration judge's order of deportation fails to exhaust administrative remedies under § 1326(d)(1)." The Tenth Circuit also has "repeatedly recognized that 'neglecting to take an appeal to the [Board of Immigration Appeals ("BIA")] constitutes a failure to exhaust administrative remedies as to any issue that could have been raised.'" *Garcia-Galvan*, 2019 WL 2513637, at *3 (quoting *Sidabutar v. Gonzales*, 503 F.3d 1116, 1118 (10th Cir. 2007)) (alteration omitted).

Mr. Valencia did not seek any relief from removal before the Immigration Court, nor did he seek to take an appeal to the BIA. Thus, he has failed to satisfy the first element for collateral review. Similarly, he has failed to show he was deprived of an opportunity for judicial review. Finally, he has failed to show that the Removal Order was fundamentally unfair because any issues pertaining to notice were cured and Mr. Valencia was afforded due process as discussed above. For these reasons, the court concludes Mr. Valencia has failed to establish the requirements under

§ 1326(d) and cannot collaterally attack his removal order. Accordingly, the court denies Mr. Valencia's Motion to Dismiss.

## CONCLUSION

For the reasons stated above, the court DENIES Mr. Valencia's Motion to Dismiss (ECF No. 17).

DATED this 21st day of August, 2019.

BY THE COURT:

Clark Waddoups
United States District Judge